**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 17, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

DENNIS PERRI RUBECK,

    Plaintiff - Appellant,

v.

HILARY KNIGHTON BREWSTER,

    Defendant - Appellee.

No. 21-8041
(D.C. No. 0:21-CV-00089-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Dennis Perri Rubeck appeals the district court's dismissal of his pro se action filed under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Defendant-Appellee Hilary Knighton Brewster, a private attorney, represented a client in previous litigation against Mr. Rubeck in Wyoming state court. After that case settled, Mr. Rubeck sued Ms. Brewster in federal court under § 1983, alleging

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that her conduct in the state-court litigation violated his civil rights. The district court granted Ms. Brewster's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). It held that Mr. Rubeck's complaint failed to state a claim because he "did not allege any facts showing [Ms. Brewster] was acting under color of state law in her capacity as an attorney for a private individual." R. at 29.

We review de novo a district court's dismissal for failure to state a claim. *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1169 (10th Cir. 2021). Because Mr. Rubeck is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). And our "broad reading of [Mr. Rubeck's] complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A § 1983 claim requires a plausible allegation that the defendant acted under color of state law in depriving the plaintiff of a federally protected right. *VDARE Found.*, 11 F.4th at 1160. "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (quotations and brackets omitted). Thus "the only proper defendants in a Section 1983 claim are those who represent the state in some capacity." *VDARE Found.*, 11 F.4th at 1160 (quotations omitted).

The district court held that Mr. Rubeck failed to plead any facts showing that Ms. Brewster acted under color of state law. Mr. Rubeck's allegations that

2

Ms. Brewster, on behalf of her client, sent a demand letter, participated in discovery, made various filings, and appeared in court are insufficient. *See Barnett*, 956 F.3d at 1235. In *Barnett*, we affirmed dismissal of a § 1983 complaint against private attorneys alleging that they falsely reported a threat by the plaintiff to the state attorney general. *See id.* at 1232.

On appeal, Mr. Rubeck argues that state court judges violated his civil rights in the previous litigation. *See* Aplt. Br. at 8 (conceding that "[t]he weakness of this lawsuit is that the person violating the Plaintiff's Civil Rights, while acting Under the Color of Law, is not the Defendant"). But he did not sue any state court judges, and he does not dispute the district court's holding regarding Ms. Brewster, the sole defendant he named in this action.

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge